UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES PECORA,

    Plaintiff,

v.   2:21-cv-50-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

Plaintiff James Pecora has filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the Commissioner has responded in opposition. (Docs. 33, 34). The motion is granted in part.

On September 26, 2022, the court affirmed the decision of the Commissioner. (Doc. 26). Pecora appealed this decision to the Eleventh Circuit. (Doc. 28). While the appeal was pending, the Commissioner moved unopposed to remand the matter for further administrative proceedings, which the Eleventh Circuit granted. (Doc. 30). Accordingly, this court vacated its order affirming the Commissioner's decision. (Doc. 31). Final judgment was entered on June 8, 2023. (Doc. 32). Now, Pecora requests an award of $20,499.59 in attorney's fees. (Doc. 33).

Satisfaction of five conditions warrants an EAJA award: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less

than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The product of the lodestar carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

There is no dispute about the reasonableness of the hourly rates. EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must

be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Pecora requests an hourly rate of $205 for work completed in 2020, $217.54 for work completed in 2021, $234.95 for work completed in 2022, and $239.97 for work completed in 2023. These rates are reasonable.

The same cannot be said, however, for the attorney hours billed. First is the time billed by attorney Hannalore B. Merritt. Despite Merritt's status as a partner, practically all her billed time is for simple receipt and review of court filings. For instance, she billed 0.1 for receipt and review of the court's order granting Pecora in forma pauperis status. Indeed, all but one of her time entries are 0.1 for review of a filing. These time entries seem duplicative given Merritt did not have any other involvement in this action. However, Merritt did bill 0.3 for a conference with Pecora and 0.5 for preparation of the EAJA fee motion, which are reasonable.

Turning next to senior associate Christine Huber. At the district court stage, she billed 26.6 hours for file review and legal research. She also block-billed another 7.6 hours for "Finish file review. Drafting/editing brief" and 7.8 hours for "Drafting/editing brief with legal research." (Doc. 33-1 at 2). So it is difficult to differentiate the time spent researching, reviewing the file, or drafting. But what's more, another senior associate, Lindsey Sbrolla, billed another 1.2 hours for file

review. And partner Karl Osterhout also billed 7.7 hours on the brief. In total, three attorneys spent a combined 57.7 hours on Pecora's brief with the district court. "With so many cooks in the kitchen, it is not surprising that the timesheets reflect duplication and inefficiency." *Zabala v. Comm'r of Soc. Sec.*, No. 6:17-cv-628-ORL-TBS, 2018 WL 6589837, *3 (M.D. Fla. Dec. 14, 2018); *see also Mullinax v. Comm'r of Soc. Sec.*, No. 5:17-cv-445-OC-PRL, 2019 WL 1440149, *2 n.2 (M.D. Fla. Apr. 1, 2019) (noting that reviewing transcript is duplicative of the work performed by the brief writing). And not only was the work duplicative, but the time also appears excessive given only two (hardly novel) issues were presented, and Pecora's counsel specializes in social security appeals. *See, e.g.*, *Powell v. Colvin*, No. 8:12-cv-2078-T-33TBM, 2013 WL 4781083, *2 (M.D. Fla. Sept. 6, 2013) (finding 42.80 hours of attorney time excessive because there were no novel issues and plaintiff's counsel was experienced in social security litigation)

The Commissioner also takes issue with the paralegal fees. "The Eleventh Circuit has recognized paralegal time as recoverable under the EAJA, but only 'to the extent that the paralegal performs work traditionally done by an attorney.'" *Ward v. Astrue*, No. 3:11-cv-523-J-TEM, 2012 WL 1820578, *3 (M.D. Fla. May 18, 2012) (quoting *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)). And here, the paralegal tasks were for receipt or filing of a document or intake. But clerical work, such as routine filing, is not traditionally done by an attorney and, thus, not recoverable

under EAJA. *See Valerie S. v. Comm'r, Soc. Sec. Admin.*, No. 4:21-cv-005-WEJ, 2022 WL 16702512, *2 (N.D. Ga. Sept. 7, 2022) ("Clerical tasks are properly considered overhead and are not compensable under the EAJA because the services do not require professional skill or expertise.").

Given the foregoing, the court finds an across-the-board reduction is appropriate. With no opposition from the Commissioner, we have recently found an EAJA award of under $1,000 reasonable when the matter is remanded before any briefing takes place,[1] about $6,500 when remanded before briefing is complete,[2] and about $8,000 when fully briefed.[3] Although this case was appealed to the Eleventh Circuit, Pecora's valuation of appellate work seems to be roughly $6,500. And given the Commissioner argues $15,500 is reasonable, this would yield a pre-appellate fee of roughly $9,000. An EAJA award of $9,000 for pre-appellate work and $6,500 for appellate work is reasonable and consistent with this court's prior EAJA awards. As such, the court finds the Commissioner's proffered award of $15,512.60 reasonable.

---

[1] *See Jennewein v. Comm'r of Soc. Sec.*, 2:23-cv-454-NPM, Doc. 19 (M.D. Fla. Oct. 30, 2023); *Diaz v. Comm'r of Soc. Sec.*, 2:22-cv-762-NPM, Doc. 21 (M.D. Fla. July 6, 2023); *Petrock v. Comm'r of Soc. Sec.*, 2:23-cv-23-NPM, Doc. 21 (M.D. Fla. July 5, 2023).

[2] *See Anglin v. Comm'r of Soc. Sec.*, 6:23-cv-587-NPM, Doc. 27 (M.D. Fla. Nov. 16, 2023).

[3] *See Williams v. Comm'r of Soc. Sec.*, 2:22-cv-124-NPM, Doc. 21 (M.D. Fla. June 5, 2023); *Randazzo v. Comm'r of Soc. Sec.*, 2:21-cv-16-NPM, Doc. 31 (M.D. Fla. April 11, 2023); *Hayer v. Comm'r of Soc. Sec.*, 2:21-cv-436-NPM, Doc. 35 (M.D. Fla. April 7, 2023).

Accordingly, Pecora's motion for EAJA fees (Doc. 33) is **granted in part**. The clerk is directed to amend the judgment to include an award to Pecora of **$15,512.60** for attorney's fees. This award may be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Pecora.[4]

**ORDERED** on March 11, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[4] Pecora filed a signed attorney's fees contract. (Doc. 33-3). Under the contract, Pecora waived direct payment of the EAJA fees and assigned his rights to any EAJA fees to his attorneys. (*Id.*).